UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA K. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16CV685 ACL |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Lisa K. Miller brings this action *pro se* pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration Commissioner's denial of her application for benefits under Title II of the Social Security Act. Presently pending before the Court is Defendant's Motion to Dismiss (Doc. 13), in which Defendant contends that this action must be dismissed because it was untimely filed. Miller has filed a Response in Opposition to Defendant's Motion to Dismiss. (Doc. 14.)

### I. Procedural History

Miller's application for benefits was denied in a written opinion by an administrative law judge ("ALJ") dated April 24, 2014. (Doc. 13-2.) On August 12, 2015, the Appeals Council denied Miller's request for review, and notified Miller that she had sixty days to file a civil action. (Doc. 13-3.) The Appeals Council further stated that the sixty-day period starts the day after Miller received the Appeals Council's letter, and that it is assumed she received the letter five days after the date of the letter. *Id.* In a letter dated October 19, 2015, Miller requested an extension of time to file a civil action. (Doc. 13-4.) On January 12, 2016, the Appeals Council granted

Miller's request for an extension, and extended the time within which she could file a civil action to thirty days from the date she received that letter. (Doc. 13-5.) The Appeals Council again explained that that it is assumed she received the letter within five days after the date of the letter. *Id.* Miller filed the instant Complaint on May 16, 2016.

## II. Defendant's Motion to Dismiss

Defendant argues that Miller's appeal of the Commissioner's final decision must be dismissed because it was untimely filed.

In her Response, Miller states that she disagrees with Defendant's Motion to Dismiss. (Doc. 14 at 1.) Miller then provides argument in support of her claim that the ALJ erred in denying her application for benefits.

Title 42 U.S.C. § 405(g) governs judicial review of final decisions of the Commissioner in Social Security matters. Pursuant to § 405(g),

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The promulgated regulations provide that a civil action under § 405(g) "must be commenced within sixty days after notice of the Appeals Council decision 'is received by the individual.'" *Bess v. Barnhart,* 337 F.3d 988, 989 (8th Cir. 2003) (*per curiam* ) (quoting 20 C.F.R. § 422.210(c)); *see also* 20 C.F.R. §§ 404.981, 416.1481. The regulations further provide that the date the individual receives notice is presumed to be five days after the date of the notice, "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c); *see also* 20 C.F.R. §§ 404.901, 416.1401.

The sixty-day time period is not jurisdictional, but rather constitutes a statute of limitations. *Bowen v. City of New York,* 476 U.S. 467, 478 (1986) (citing *Mathews v. Eldridge,* 424 U.S. 319, 328 n. 9 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 764 (1975)). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id.* at 481. It is well established that, in the absence of equitable tolling, failure to comply with the sixty-day limitation warrants dismissal. *See generally Bess,* 337 F.3d 988; *Turner v. Bowen,* 862 F.2d 708, 710 (8th Cir. 1988) (*per curiam* ).

In this case, the Appeals Council extended the time in which to file a civil action to thirty days from the date of its January 12, 2016 letter. (Doc. 13-5.) The law presumes that Miller received this letter within five days after its issuance—January 17, 2016—unless there is a showing to the contrary. *See* 20 C.F.R. §§ 404.901, 416.1401. Miller has made no showing to the contrary. Accordingly, Miller had thirty days from January 17, 2016, that is, through February 16, 2016, by which to bring a civil action seeking judicial review of the Commissioner's final decision. The instant cause was filed on May 16, 2016. Miller did not seek another extension of time from the Commissioner to file a civil action. As such, the instant cause of action is untimely.

As noted above, equitable tolling of the sixty-day limitation is allowed "in some cases," *City of New York,* 476 U.S. at 480, and specifically in those cases "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id.* (quoting *Eldridge,* 424 U.S. at 330). The Eighth Circuit has allowed equitable tolling in situations where the claimant has actively pursued her judicial remedies by filing a defective pleading during the statutory period, or where circumstances involve conduct (by

someone other than the claimant) that is misleading or fraudulent such as where the claimant has been induced or tricked by her adversary's misconduct into allowing the filing deadline to pass. *Medellin v. Shalala,* 23 F.3d 199, 204 (8th Cir. 1994); *Turner,* 862 F.2d at 710 (citing *Smith v. McClammy,* 740 F.2d 925, 927 (11th Cir. 1984)). Equitable relief, however, is typically extended "only sparingly." *Medellin,* 23 F.3d at 204. Miller has provided no argument or evidence demonstrating that equitable tolling applies in this case.

Inasmuch as the evidence before the Court shows the instant civil action to be untimely filed under 42 U.S.C. § 405(g), and Miller has failed to show that circumstances exist to justify equitable tolling, the instant cause of action will be dismissed.

**s/** Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of October, 2016.