UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LISA K. MILLER,                          )
                                         )
      Plaintiff,                        )
                                         )
vs.                                      ) Case No. 4:16CV685 ACL
                                         )
CAROLYN W. COLVIN,                       )
Acting Commissioner of Social Security,  )
                                         )
      Defendant.                        )

## **MEMORANDUM AND ORDER**

Plaintiff Lisa K. Miller brings this action *pro se* pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration Commissioner's denial of her application for benefits under Title II of the Social Security Act. Presently pending before the Court is Miller's Motion for Reconsideration of the Court's Memorandum and Order granting Defendant's Motion to Dismiss. (Doc. 16.) For the reasons discussed below, Miller's Motion for Reconsideration will be granted.

### I. Procedural History

Miller's application for benefits was denied in a written opinion by an administrative law judge ("ALJ") dated April 24, 2014. (Doc. 13-2.) On August 12, 2015, the Appeals Council denied Miller's request for review, and notified Miller that she had sixty days to file a civil action. (Doc. 13-3.) The Appeals Council further stated that the sixty-day period starts the day after Miller received the Appeals Council's letter, and that it is assumed she received the letter five days after the date of the letter. *Id.* In a letter dated October 19, 2015, Miller requested an extension of time to file a civil action. (Doc. 13-4.) On January 12, 2016, the Appeals Council granted

Miller's request for an extension, and extended the time within which she could file a civil action to thirty days from the date she received that letter.  (Doc. 13-5.)  The Appeals Council again explained that it is assumed she received the letter within five days after the date of the letter.  *Id.*  Miller filed the instant Complaint on May 16, 2016.

Defendant filed a Motion to Dismiss on July 21, 2016, in which she argued that Miller's appeal of the Commissioner's final decision must be dismissed because it was untimely filed.

In her Response, Miller stated that she disagreed with Defendant's Motion to Dismiss, and provided additional argument in support of her claim for disability benefits.

In a Memorandum and Order dated October 17, 2016, the Court found that Miller's Complaint was due on February 16, 2016, and that her Complaint filed on May 16, 2016 was untimely.  (Doc. 15.)  The undersigned further found that Miller had provided no argument or evidence demonstrating that equitable tolling applied in this case.  Defendant's Motion to Dismiss was, therefore, granted and Miller's action was dismissed.

On November 4, 2016, Miller filed the instant Motion for Reconsideration, in which she explains why her Complaint was untimely, and requests that the Court reconsider the October 17, 2016 Memorandum and Order granting Defendant's Motion to Dismiss.  (Doc. 16.)

## II.  Miller's Motion for Reconsideration

### A.  Standard

The Court construes Miller's Motion for Reconsideration as a motion pursuant to Federal Rule of Civil Procedure 60(b).  Rule 60(b) motions may only be used to reconsider a final order on certain enumerated grounds such as "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or misconduct by an opposing

party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged ...; or (6) any other reason that justifies relief." A party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." *De Wit v. Firstar Corp.,* 904 F. Supp. 1476, 1496 (N. D. Iowa 1995) (quoting *United States v. One Parcel of Prop. Located at Tracts 10 and 11 of Lakeview Heights, Canyon Lake, Comal County, Texas,* 51 F.3d 117, 119 (8th Cir. 1995)). A district court has wide discretion in deciding whether to grant a Rule 60(b) motion, but the Eighth Circuit has cautioned that "exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co., Inc.,* 43 F.3d 367, 373 (8th Cir. 1994).

**B.    Analysis**

In her Motion for Reconsideration, Miller provides an explanation for the untimeliness of her Complaint. Miller states that she was told by an employee at the "Hannibal District office" that her "district to appeal at the civil level is in Kansas City, Mo., office of Region Chief Council, Region 7.." (Doc. 16 at 1.) Miller states that she sent her Complaint[1] to the Kansas City office, and that it was forwarded to the Hannibal District office. *Id.* Miller attached a copy of her Complaint, which is stamped "Received FEB 17 2016, OGC/SSA" on the back of the document (Doc. 16 at 8.), and "HANNIBAL, MISSOURI, MAR 09 2016, D0741 SSA DISTRICT OFFICE" on the front of the document (*Id.* at 5). Miller explains that she subsequently spoke to someone at the "Appeals Court," who informed her that her "district for appealing in civil courts" was in St. Louis, at the following address: Office of the Clerk, United States District Court, Eastern District of Missouri, 111 S. Tenth Street, St. Louis, Missouri 63102." *Id.* at 2. Miller states that she

---

[1] Miller refers to this document alternatively as a "request letter," "complaint letter" and "letter." For ease, the Court will refer to this document as a Complaint.

spoke with someone from the United States District Court in St. Louis ("St. Louis Court") and "explained her circumstances." *Id.* at 3. The individual with whom she spoke indicated that he would send her a form, and directed her to complete the form and send it to the St. Louis Court. *Id.* Miller states that she mailed her Complaint to the St. Louis Court at that time. *Id.* Miller also indicated that she received the form sent to her by the St. Louis Court on April 6, 2016, and that she completed the form and mailed it to the St. Louis Court. *Id.* Finally, Miller states that approximately one month after mailing the form, she was notified that her case was being "continued at the office of the Clerk, United States District Court Southeastern Division, 555 Independence Street, Cape Girardeau, Missouri 63703." *Id.*

Title 42 U.S.C. § 405(g) governs judicial review of final decisions of the Commissioner in Social Security matters. Pursuant to § 405(g),

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The promulgated regulations provide that a civil action under § 405(g) "must be commenced within sixty days after notice of the Appeals Council decision 'is received by the individual.'" *Bess v. Barnhart,* 337 F.3d 988, 989 (8th Cir. 2003) (*per curiam*) (quoting 20 C.F.R. § 422.210(c)); *see also* 20 C.F.R. §§ 404.981, 416.1481. The regulations further provide that the date the individual receives notice is presumed to be five days after the date of the notice, "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c); *see also* 20 C.F.R. §§ 404.901, 416.1401.

The sixty-day time period is not jurisdictional, but rather constitutes a statute of limitations. *Bowen v. City of New York,* 476 U.S. 467, 478 (1986) (citing *Mathews v. Eldridge,* 424 U.S. 319,

328 n. 9 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 764 (1975)). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *City of New York*, 476 U.S. at 481. It is well established that, in the absence of equitable tolling, failure to comply with the sixty-day limitation warrants dismissal. *See generally Bess,* 337 F.3d 988; *Turner v. Bowen,* 862 F.2d 708, 710 (8th Cir. 1988) (*per curiam* ).

As noted above, equitable tolling of the sixty-day limitation is allowed "in some cases," *City of New York,* 476 U.S. at 480, and specifically in those cases "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id.* (quoting *Eldridge,* 424 U.S. at 330). The Eighth Circuit has allowed equitable tolling in situations where the claimant has actively pursued her judicial remedies by filing a defective pleading during the statutory period, or where circumstances involve conduct (by someone other than the claimant) that is misleading or fraudulent such as where the claimant has been induced or tricked by her adversary's misconduct into allowing the filing deadline to pass. *Medellin v. Shalala,* 23 F.3d 199, 204 (8th Cir. 1994); *Turner,* 862 F.2d at 710 (citing *Smith v. McClammy,* 740 F.2d 925, 927 (11th Cir. 1984)). Equitable relief, however, is typically extended "only sparingly." *Medellin,* 23 F.3d at 204.

In this case, at the time the Court ruled on Defendant's Motion to Dismiss, the Court was not aware of the history of Miller's attempts to properly file a Complaint. In her Response in Opposition to Defendant's Motion to Dismiss, Miller only discussed the merits of her claim for disability benefits. (Doc. 14.) Miller also attached medical records.[2] (Doc. 14-1.) It appears

---

[2]The Court notes that the Complaint discussed herein was included within this Attachment. Because the Complaint was in the middle of a fifty-seven-page document of medical records and Miller did not discuss it in her Response, the Court overlooked the Complaint when ruling on

from Miller's Motion for Reconsideration that she mistakenly thought she was initiating a civil action by mailing her Complaint to the Social Security Administration ("SSA"). Miller's confusion likely resulted from the notice from the Appeals Council advising her that she must send *a copy* of the Complaint and summons to the SSA Office of the General Counsel. (Doc. 13-3 at 2.)

Miller's Complaint was received by the SSA Office of the General Counsel on February 17, 2016. (Doc. 16 at 8.) As previously noted, the Appeals Council extended the time in which to file a civil action to thirty days from the date of its January 12, 2016 letter, and the law presumes that Miller received the letter within five days of its issuance—January 17, 2016—unless there is a showing to the contrary. *See* 20 C.F.R. §§ 404.901, 416.1401. The Court, therefore, found in the Memorandum and Order granting Defendant's Motion to Dismiss that Miller's Complaint was due on February 16, 2016. The Court notes that January 17, 2016 was a Sunday. If it is presumed that Miller received the letter by the next business day of Monday, January 18, 2016, then Miller had until February 17, 2016, to file a civil action. Miller's Complaint was received by the SSA on February 17, 2016, within the filing deadline.

Although the equitable tolling doctrine has been applied sparingly, equitable relief has been extended where the claimant has "actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (citing *Burnett v. New York Central R. Co.*, 380 U.S. 424 (1965) (Plaintiff timely filed complaint in wrong court), and *Herb v. Pitcairn*, 325 U.S. 77 (1945) (same)). In addition, equitable tolling has been applied where the claimant "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (citing *Glus v. Brooklyn Eastern Dist. Terminal*, 359

---

Defendant's Motion to Dismiss.

U.S. 231 (1959) (adversary's misrepresentation caused plaintiff to let filing period lapse)). Further, there is a judicial preference for adjudication on the merits. *See Roark v. Astrue*, No. 4:07CV2067HEA, 2009 WL 3261844 (E.D. Mo. Oct. 8, 2009) (applying equitable tolling, noting that "the Court is of the opinion that Plaintiff should be allowed to proceed, particularly considering the notion that suits should, if possible, be resolved on the merits").

Here, Miller's Motion for Reconsideration demonstrates that Miller diligently attempted to pursue her judicial remedies, but mistakenly sent her Complaint to the SSA office rather than the United States District Court. The Complaint was received by the SSA within the filing period. Miller has set out her efforts to file her Complaint in the proper court, which was not accomplished due to no fault of her own, until May 16, 2016. If the Court were aware of this information when ruling on Defendant's Motion to Dismiss, the outcome would have been different. Thus, because Miller is *pro se*, and actively pursued her judicial remedies by mailing her Complaint to the wrong entity within the filing deadline, and due to the judicial preference of resolving suits on the merits, the Court will exercise its discretion and grant Miller's Motion for Reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that Miller's Motion for Reconsideration (Doc. No. 16) is **granted**.

**IT IS FURTHER ORDERED** that the Court's October 17, 2016 Memorandum and Order grating Defendant's Motion to Dismiss (Doc. 15) is hereby **VACATED**.

**IT IS FURTHER ORDERED** that Defendant shall file an Answer within 60 days of this Order. Along with its Answer, Defendant shall file a transcript of the record, in accordance with 42 U.S.C. § 405(g).

**IT IS FURTHER ORDERED** that the time limitations contained in the Case

Management Order entered on May 17, 2016 shall otherwise apply.

**s/** Abbie Crites-Leoni  
ABBIE CRITES-LEONI  
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of December, 2016.

Management Order entered on May 17, 2016 shall otherwise apply.

                    **s/** Abbie Crites-Leoni  
                    ABBIE CRITES-LEONI  
                    UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of December, 2016.